**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EMMANUEL MEDINA BAEZ,<br>Petitioner,<br>v.<br>ACTING WARDEN OF THE ADELANTO DETENTION CENTER, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-04808-CTS<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**A 095-739-931** |

On August 23, 2026, Petitioner Emmanuel Medina Baez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id.*) The Petition names as Respondents Acting Warden of the Adelanto Detention Center; Ernesto Santacruz, Jr., Director of the Los Angeles Field Office, ICE; Todd Blanche, Acting Attorney General, United States Department of Justice; Markwayne Mullin, Secretary, DHS; David J. Venturella, Acting Director of ICE; and Does 1–5 ("Respondents"). (*Id.* at 1.) The Petition further alleges that

Petitioner has not been detained under the authority of 8 U.S.C. § 1226(c) as he has no qualifying criminal record. (Pet. ¶ 35.)

On August 25, 2026, Respondents were served with the Court's Notice of General Order 26-05 and Briefing Schedule, pursuant to which Respondents' Notice of Appearance was due August 28, 2026 and their Answer was due September 1, 2026. (ECF No. 5.) As of the date of this Order, Respondents have not answered or otherwise responded to the Petition and have not appeared in the case. The Court considers the lack of response as reason to grant the relief requested.[1]

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the unopposed Petition;
2. Respondents MUST RELEASE **Petitioner Emmanuel Medina Baez (A 095-739-931)** from custody within 24 hours of entry of this Order;
3. Respondents are ENJOINED from re-detaining Petitioner (a) without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty and (b) without a proper finding that he has committed a violation of the conditions of release or removal has become reasonably foreseeable;
4. Petitioner may seek reasonable costs and attorney fees as provided in this Court's Local Rules and any statute authorizing such an award; and

///

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified)

5. The Court retains jurisdiction over this case to enforce compliance with its Judgment.

DATED: September 4, 2026

HONORABLE CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE